**Abu Sufian SIDDIKI, Petitioner,**

v.

**Alberto R. GONZALES, Attorney General, Respondent.**

No. 06–0643–ag.

United States Court of Appeals, Second Circuit.

Nov. 22, 2006.

Parker Waggaman, New York, New York, for Petitioner.

Bradley J. Schlozman, United States Attorney for the Western District of Missouri, Cynthia J. Hyde, Assistant United States Attorney, Springfield, Missouri, for Respondent.

PRESENT: Hon. GUIDO CALABRESI, Hon. BARRINGTON D. PARKER, Hon. PETER W. HALL, Circuit Judges.

## SUMMARY ORDER

Abu Sufian Siddiki, a native and citizen of a Bangladesh, seeks review of a January 18, 2006 order of the Board of Immigration Appeals ("BIA") affirming the August 24, 2004 decision of Immigration Judge ("IJ") Jeffrey S. Chase denying petitioner's applications for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Abu Sufian Siddiki*, No. A79 316 269 (B.I.A. Jan. 18, 2006), *aff'g* No. A79 316 269 (Immig. Ct. N.Y. City Aug. 24, 2004). The IJ also determined that Siddiki's application was frivolous based on his false testimony and his proffer of falsified documents. 8 C.F.R. § 208.3(c)(5). We assume the parties' familiarity with the underlying facts and procedural history of the case.

When the BIA issues an opinion that fully adopts the IJ's decision, this Court reviews the IJ's decision. *See, e.g., Chun Gao v. Gonzales*, 424 F.3d 122, 124 (2d Cir.2005); *Secaida–Rosales v. INS*, 331 F.3d 297, 305 (2d Cir.2003). This Court reviews the agency's factual findings under the substantial evidence standard, treating them as "conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B); *see, e.g., Zhou Yun Zhang v. INS*, 386 F.3d 66, 73 & n. 7 (2d

86

Cir.2004). However, we will vacate and remand for new findings if the agency's reasoning or its fact-finding process was sufficiently flawed. *Cao He Lin v. U.S. Dep't of Justice,* 428 F.3d 391, 406 (2d Cir.2005); *Tian–Yong Chen v. INS,* 359 F.3d 121, 129 (2d Cir.2004).

The IJ denied Siddiki's asylum claim because he found that Siddiki did not file his application within one year of entry into the United States, and he did not demonstrate changed conditions or extraordinary circumstances warranting an exception to the filing deadline. Because Siddiki does not raise the issue of the 1–year bar in his brief to this Court, that issue is waived. *See Yueqing Zhang v. Gonzales,* 426 F.3d 540, 542 n. 1, 546 n. 7 (2d Cir.2005). The Court therefore lacks jurisdiction to review the agency's denial of asylum. *See Joaquin–Porras v. Gonzales,* 435 F.3d 172, 178–80 (2d Cir.2006).

The IJ denied Siddiki withholding of removal because he found that Siddiki testified incredibly and submitted fraudulent documents in support of his claim that, as a member of the ethnic minority Bihari in Bangladesh, if he were removed to that country, the government would not allow him to reenter, or, alternatively, he would not be allowed back into the Bihari camp—where he resided the entire twenty-two years he lived in Bangladesh—would not be able to find work, and would be killed by "those people." Although Siddiki's ethnic identity does not appear to be in question in this case, his claim to have spent his entire time in Bangladesh living in a Bihari camp—a camp to which he would not be able to return, but would, instead, face unemployment and death—is at the center of the IJ's decision. As seen below, the IJ's credibility findings with respect to the Bihari camp are supported by substantial evidence in the record. *See Secaida–Rosales,* 331 F.3d at 308.

The IJ reasonably found that Siddiki testified incredibly regarding his alleged residence in a camp in Bangladesh. Specifically, the IJ found that Siddiki testified that he lived at the same address for twenty-two years in a Bihari camp—the entire time he lived in Bangladesh. However, when asked to recite the address, he gave an address that was dramatically inconsistent with the one listed in numerous documents that he submitted into evidence. The IJ further found that Siddiki's testimony that only he and his parents lived in their hut in the camp was contradicted by evidence he submitted that documented that four other people lived with them.

The IJ also reasonably found that the ration card Siddiki submitted into evidence undermined his credibility because he initially testified that he was never issued such a card, and he could neither explain why it would have been issued to him seven years after he left the country, without ever returning, nor why his father would have procured it for asylum purposes several years before Siddiki even knew about, let alone considered, applying for asylum. The IJ further found Siddiki not to be credible because the census card he submitted shows that he was counted in a census at a time when he had been out of the country for three years, and because he testified that he was born on February 10, 1967, but documents that he submitted into evidence state that he was born on October 2, 1967.

In addition to the other identified problems with the documents Siddiki submitted, the IJ also found Siddiki not to be credible because all of the documents he submitted to prove that he was a resident of the Bihari camp were in English, not Urdu, the original language in which they were issued, and he did not produce the originals in Urdu. When Siddiki was asked why all of the documents were in English,

he answered, "[b]ecause English is spoken there." He then stated they were in English because English is spoken in the United States. When pressed why the documents would be in English when they were issued in Bangladesh, Siddiki responded, "[b]ecause only English is used." After it was pointed out that the documents were issued for use in the camp, Siddiki explained that the documents were originally issued in Urdu, but were later translated into English. Given Siddiki's shifting responses and the fact that he provided no originals of the documents which he ultimately acknowledged where issued in Urdu—and which all contain dates prior to the time he came to the United States and learned about asylum—the IJ could reasonably find that the documents were fraudulent and Siddiki incredible.

Because Siddiki's CAT claim is predicated upon the same claim on which he has been found to be incredible, he cannot demonstrate eligibility for withholding of removal under CAT. *See Xue Hong Yang v. U.S. Dep't of Justice*, 426 F.3d 520, 523 (2d Cir.2005) (holding that when an IJ's adverse credibility finding goes precisely to the point that the applicant had to prove in order to make out his or her torture claim, it is reasonable for the IJ to deny the applicant's claim for withholding of removal under CAT based on that adverse credibility finding).

Although we uphold the agency's finding denying Siddiki all relief, we remand this case for a determination of whether the IJ's frivolousness finding is reasonable in light of our decision in *Yuanliang Liu v. Dep't of Justice*, 455 F.3d 106 (2d Cir.2006) (requesting the BIA to develop standards by which to evaluate a frivolousness determination).

For the foregoing reasons, we GRANT the petition in part, VACATE the BIA's decision in part, and REMAND to the BIA for further proceedings consistent with this decision. Having completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DENIED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(d)(1).